IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 25, 2020, at Jackson

**TRAVIS L. LINDSEY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Maury County**
**No. 25747     Stella L. Hargrove, Judge**

_____

**No. M2019-00287-CCA-R3-PC**
_____

The Petitioner, Travis L. Lindsey, appeals the post-conviction court's denial of his petition for post-conviction relief in which he challenged his convictions for the sale of 0.5 grams or more of cocaine, the sale of 0.5 grams or more of cocaine within 1,000 feet of a school, and his effective twenty-year sentence. On appeal, the Petitioner maintains that trial counsel was ineffective in failing to fully advise him of the deadline by which he could enter into a plea agreement with the State in order to avoid a trial. We conclude that the Petitioner has failed to establish that he is entitled to relief, and we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Chelsea Nicholson (on appeal), Nashville, Tennessee, and Josh Morrow (at hearing), Columbia, Tennessee, for the appellant, Travis L. Lindsey.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General; and Adam Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL BACKGROUND**

**Trial Proceedings**

The Petitioner was charged with the sale of 0.5 grams or more of cocaine within 1,000 feet of a school and the sale of 0.5 grams or more of cocaine as the result of two

controlled drug purchases conducted by the Columbia Police Department. On January 24, 2013, the trial court entered a scheduling order that was signed by both trial counsel and the Petitioner and dated January 8th. The order set a "settlement date" of April 2nd and provided:

> Any case not settled by agreement by this date will be given a trial date as soon thereafter as possible. After the case is docketed for trial, a negotiated plea may be refused by the court and the case may only be resolved by trial or by the entry of a plea of guilty to the indictment. In the later event, the court will not be bound to accept any recommendation with regard to sentencing.

During the appearance date on April 2nd, trial counsel requested that the case be set for trial and informed the trial court that the State had made a plea offer. The trial court stated, "Well, this is the last plea date." Trial counsel acknowledged that he understood and again requested a trial date. The trial court scheduled the trial for September 17, 2013.

During a jury-out hearing at trial and at the sentencing hearing, the Petitioner maintained that he was not given the opportunity to accept the State's offer. He stated at trial that he was to meet with trial counsel two weeks before trial to discuss the State's offer, but the Petitioner was arrested on federal charges and was unable to attend the meeting due to his incarceration. The trial court informed the Petitioner that a scheduling order, which was also signed by the Petitioner, set a plea deadline of April 2, 2013, and that when the Petitioner did not enter into a plea agreement on April 2nd, the trial court set the case for trial. The trial court explained that the court's policy, generally, was "not to take a plea and never take a plea, unless it's unusual circumstances when I've got a jury here." The trial court stated "there are not pleas possible" beyond the April 2nd deadline. The Petitioner maintained that the plea deadline was never explained to him and that he did not understand the implications of declining to enter a plea agreement by April 2nd.

Trial counsel informed the trial court that sometime before April, the State made a plea offer of eight years at one hundred percent and that the Petitioner did not want to accept the offer at that time. Trial counsel noted that the trial court would often accept a guilty plea if presented one month or more prior to trial. Trial counsel stated that the trial court might or might not have accepted the plea and that he had to proceed with a trial before the trial court on prior occasions when his clients had declined to commit to a plea agreement at an earlier date. Prior to trial, the Petitioner was arrested on federal charges and was incarcerated in another facility. Trial counsel said that when he met with the

Petitioner at the jail "the night before," he explained to the Petitioner that he did not believe that the trial court would accept a plea agreement at that point.

At the conclusion of the trial, the jury convicted the Petitioner of the sale of 0.5 grams or more of cocaine within 1,000 feet of a school and the sale of 0.5 grams of cocaine. At the sentencing hearing, the Petitioner testified that he had wanted to accept the State's plea offer, that he had not wanted to procced to trial, and that he had not understood that it was too late to accept the offer on the day of trial. He maintained that he believed trial counsel had been attempting to negotiate a more favorable plea agreement with the State.

In response to questioning by the trial court, trial counsel stated that the State made a plea offer prior to the plea deadline in April but that the Petitioner did not agree to accept the offer at that time. Rather, the Petitioner hoped that the State would make a more favorable offer, but the State failed to do so. Trial counsel stated that the State made the same offer after the plea deadline, that the Petitioner was arrested on federal charges, and that once the Petitioner decided to accept the offer, it was too late.

The trial court imposed an effective twenty-year sentence. On direct appeal, the Petitioner raised issues regarding the sufficiency of the evidence and the admission of certain evidence. *See State v. Travis Lindsey*, No. M2015-01954-CCA-R3-CD, 2016 WL 5937835, at \*1 (Tenn. Crim. App. Oct. 12, 2016). This court affirmed the trial court's judgments. *See id.*

## Post-Conviction Proceedings

The Petitioner filed a pro se petition for writ of habeas corpus, alleging that trial counsel was ineffective in failing to advise him regarding the plea deadline and in allowing the deadline to pass while assuring him that he could still accept the State's offer. The post-conviction court entered an order treating the Petitioner's petition as a petition for post-conviction relief, finding that the Petitioner presented a colorable claim, and appointing counsel to represent the Petitioner. The appellate record does not include an amended petition.

During the evidentiary hearing, the Petitioner testified that he was indicted on the charges in December of 2012, that he was released on bond, and that trial counsel was appointed to represent him. The Petitioner stated that he first met with trial counsel at trial counsel's office in January of 2013. The Petitioner acknowledged that his signature was on the scheduling order, which was entered in January and which set the plea deadline as April 2, 2013, but he did not recall signing the order or the circumstances under which he signed it. He did not recall reading the order or trial counsel reading it to

him.  The Petitioner stated that trial counsel never told him that April 2nd was the plea deadline.

The Petitioner testified that he met with trial counsel to discuss the case "[a]t least twice" prior to April 2nd.  They reviewed the discovery from the State, which consisted in part of two video recordings of the drug transactions.  They discussed the Petitioner's criminal history, and trial counsel informed the Petitioner that he was facing a sentence of fifteen to twenty-five years if convicted at trial and that the State had presented a plea offer that included an eight-year sentence at one hundred percent.  The Petitioner stated trial counsel said he believed he could negotiate a more favorable offer because the recordings did not show the exchange of money or drugs.  The Petitioner stated that trial counsel said he would meet with the prosecutor and inform the Petitioner of whether a more favorable offer was obtained by the court date on April 2nd.  The Petitioner maintained that he told trial counsel that he did not want to go to trial.

The Petitioner testified that he and trial counsel met in the corridor of the court on April 2nd and that trial counsel stated that he had not had the opportunity to speak to the prosecutor about the case.  According to the Petitioner, trial counsel told him that he believed the State would offer a sentence of less than eight years and that he would set the case for trial and continue negotiating with the State.  The Petitioner stated that trial counsel assured him that one more appearance date would be scheduled prior to trial and that if trial counsel was unable to persuade the prosecutor to lower the offer, he would "make sure you get your eight years before it gets too late."

The Petitioner stated that trial counsel never told him that April 2nd was the plea deadline and that the trial court was unlikely to accept a plea agreement once the trial had been set.  The Petitioner testified that had he been aware of this information, he would have not allowed trial counsel to set the case for trial and would have accepted the State's eight-year offer.  The Petitioner did not recall the trial court stating that the April 2nd hearing was the plea deadline when trial counsel requested a trial date.  The Petitioner said that while he was standing at the podium with trial counsel, he told trial counsel that he did not want to go to trial but that his statement did not appear in the transcript of the hearing.  The Petitioner maintained that he left court on April 2nd believing that he would still be able to accept the State's plea offer.

The trial was scheduled for September 17, 2013.  The Petitioner testified that he met with trial counsel in July and learned that the prosecutor declined to reduce the offer.  Trial counsel told him to come to his office on September 4th to sign the plea documents, and trial counsel did not inform him that the trial court might not accept the plea.  On September 1st, the Petitioner was arrested on a federal charge and could not meet with trial counsel again until the day before the trial.  The Petitioner told trial counsel that his

family had attempted to contact trial counsel for two weeks and asked him whether he presented the plea documents to the trial court. The Petitioner said trial counsel informed him that he had not had time to do so and that he did not believe the trial court would accept a plea on the day of trial. The Petitioner maintained that when he came to court on the day of trial, he believed that he was going to enter a guilty plea.

The State presented the testimony of trial counsel, who recalled that he met with the Petitioner on three occasions prior to the April 2nd plea deadline. Trial counsel reviewed the discovery with the Petitioner and noted that the Petitioner was facing a sentence of fifteen to twenty-five years because one of the drug transactions occurred within a drug-free school zone. Trial counsel testified that in February or March, he received a plea offer from the prosecutor that included an eight-year sentence at one hundred percent. He stated that he informed the Petitioner of the offer but that the Petitioner rejected it. Trial counsel explained that the Petitioner was released on bond and was not interested in going to jail on April 2nd to complete an eight-year sentence. Trial counsel stated that he advised the Petitioner that he would attempt to negotiate a more favorable offer but that he might not be able to do so. Trial counsel said he did not promise the Petitioner that the State would make a more favorable offer or that the trial court would accept a plea after the April 2nd court date. Trial counsel was familiar with the trial court's policy to decline to accept anything but an "open plea" once a case has been set for trial, and he recalled representing a client in a prior case where the trial court declined to accept a plea agreement entered into close to the date of the trial. He noted that the trial court previously had accepted plea agreements once a trial date had been set in some circumstances.

Trial counsel testified that once the Petitioner rejected the State's offer, he would have advised the Petitioner that the only other option was to set the case for trial. Trial counsel stated that during the April 2nd hearing, the trial court informed the Petitioner on the record that he would not be allowed to enter into a plea agreement following that date. Trial counsel said that while he hoped he could negotiate a more favorable plea agreement with the State, it was within the trial court's discretion to accept the plea. He did not know whether the transcript of the April 2nd hearing included the entire interaction between the trial court and the Petitioner. Trial counsel explained that the trial court often would address all the defendants in the courtroom at once and then return to each defendant individually. Trial counsel believed the trial court had the Petitioner sign the January scheduling order on April 2nd as an acknowledgment by the Petitioner that there would be no further opportunity to enter into a plea agreement once the case was set for trial.

Trial counsel testified that the Petitioner did not wish to accept the State's plea offer until he was arrested on federal charges in September 2013. Trial counsel met with

the Petitioner shortly after his arrest during which the Petitioner told trial counsel that he wanted to accept the plea offer. Trial counsel and the prosecutor spoke to the trial court about the plea agreement, and the trial court informed them that it would not accept the plea. Trial counsel met with the Petitioner the night before trial once the Petitioner was transported to the local jail, and the Petitioner stated that he still wanted to enter into the plea agreement. Trial counsel told the Petitioner that he did not believe that the trial court would accept the plea but that there was a chance that the court might do so.

On cross-examination, trial counsel testified that he would have advised the Petitioner on April 2nd that if he did not accept the plea offer on this date, the trial court would set the case for trial and that the trial court's policy was to only accept an open plea to the indictment once the trial was set. Trial counsel stated that he would have advised the Petitioner of the risk that the trial court would not allow him to enter into the plea agreement at a later date. Trial counsel testified that the Petitioner stated both prior to April 2nd and on April 2nd that he was not willing to accept the plea offer.

Trial counsel recalled that during the April 2nd hearing, the trial court reviewed the paragraph of the scheduling order about the plea deadline and the fact that no pleas would be accepted after the deadline. Trial counsel acknowledged that the exchange was not in the transcript of the hearing but believed that it occurred during a portion of the hearing that had not been transcribed. Trial counsel also believed the Petitioner knew that the trial court would not accept a plea beyond the deadline based upon what both trial counsel and the trial court told him. Trial counsel stated that while he continued to seek a more favorable offer from the State in hopes that the trial court would accept the plea, he never guaranteed the Petitioner that the trial court would accept it. Trial counsel believed the trial court would have been more inclined to accept a plea agreement reached a few months prior to trial than a plea agreement reached a few weeks prior to trial.

Trial counsel denied that the Petitioner told him in June or July of 2013 that he wanted to accept the State's plea offer. Trial counsel testified that the Petitioner did not decide to accept the plea agreement until he was placed in federal custody. Sometime between September 3rd and September 15th, trial counsel and the prosecutor had a conference call with the trial court during which trial counsel informed the trial court that the Petitioner wanted to enter a plea. Trial counsel stated that after meeting with the Petitioner the night before trial, trial counsel again informed the trial court that the Petitioner wished to accept the plea offer and explained that the Petitioner had been arrested on federal charges. The trial court declined to accept the plea, and the case proceeded to trial.

The post-conviction court entered an order denying the Petitioner's claim that trial counsel was ineffective in advising him regarding the plea deadline. The court found that

trial counsel informed the Petitioner of the trial court's order setting the last date on which the court would entertain a plea agreement before setting the case for trial. The post-conviction court noted that the Petitioner was present in the courtroom when the trial date was set and that the trial court advised the Petitioner that it would not entertain a plea agreement once the trial was set. The post-conviction court found that while the transcript of the hearing did not reflect this exchange, "it is not unusual for the Court to be speaking to multiple defendants on plea day and for the record to be incomplete." The post-conviction court credited trial counsel's testimony that the Petitioner did not want to accept the State's plea offer until he was arrested on a federal charge in September of 2013. The post-conviction court found that the Petitioner's testimony was not credible. Accordingly, the post-conviction court denied the Petitioner's request for post-conviction relief.

## ANALYSIS

The Petitioner asserts that trial counsel was ineffective in failing to adequately advise him of the plea deadline and the trial court's policy to reject plea agreements reached following the deadline. The Petitioner maintains that as a result, he was not given the opportunity to accept the State's plea offer prior to trial and that he was forced to proceed with a trial. The State responds that the Petitioner has failed to establish that trial counsel's advice regarding the plea deadline was deficient and that the Petitioner would have accepted the State's plea offer before the trial court set the case for trial. We agree with the State.

The findings of fact made by a post-conviction court are conclusive on appeal unless the evidence preponderates against them. *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010). This court may not substitute its own inferences for those drawn by the post-conviction court, and questions concerning the credibility of witnesses, the weight and value of the evidence, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). A post-conviction court's conclusions of law and determinations of mixed questions of fact and law, such as whether a petitioner received ineffective assistance of counsel, are reviewed de novo. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

A petitioner is entitled to post-conviction relief when a conviction or sentence is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. The petitioner bears the burden of proving the allegations of fact in the petition by clear and convincing evidence. T.C.A. § 40-30-110(f). Evidence is clear and convincing when the correctness of the conclusions drawn from the evidence admits no serious or substantial doubt. *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009).

The right to counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution. *Pylant v. State*, 263 S.W.3d 854, 868 (Tenn. 2008). The right to counsel encompasses "the right to 'reasonably effective' assistance, that is, assistance 'within the range of competence demanded of attorneys in criminal cases.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In evaluating a claim of ineffective assistance of counsel, the court must determine whether counsel's conduct "'so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Felts v. State*, 354 S.W.3d 266, 277 (Tenn. 2011) (quoting *Strickland*, 466 U.S. at 686).

To show that relief is warranted on a claim of ineffective assistance of counsel, the petitioner must establish both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Finch v. State*, 226 S.W.3d 307, 315 (Tenn. 2007). Deficiency requires showing that counsel's errors were so serious "that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To demonstrate deficiency, the petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Pylant*, 263 S.W.3d at 868. Courts must make every effort "'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Felts*, 354 S.W.3d at 277 (quoting *Strickland*, 466 U.S. at 689). The reviewing court must begin with "the strong presumption that counsel provided adequate assistance and used reasonable professional judgment to make all strategic and tactical significant decisions." *Davidson v. State*, 453 S.W.3d 386, 393 (Tenn. 2014).

In determining prejudice, the post-conviction court must decide whether there is a reasonable probability that, absent the errors, the result of the proceeding would have been different. *Grindstaff*, 297 S.W.3d at 216. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Honeycutt*, 54 S.W.3d at 768 (quoting *Strickland*, 466 U.S. at 694). "That is, the Petitioner must establish that his counsel's deficient performance was of such a degree that it deprived him of a fair trial and called into question the reliability of the outcome." *Finch*, 226 S.W.3d at 316.

The standard in *Strickland* for determining whether a petitioner received effective assistance of counsel applies during plea negotiations, as well as during trial. *Missouri v. Frye*, 566 U.S. 134, 144-45 (2012); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Thus, "during the plea bargain process, as at all critical stages of the criminal process, counsel has the responsibility to render effective assistance as required by the Sixth Amendment." *Nesbit v. State*, 452 S.W.3d 779, 787 (Tenn. 2014) (citing *Frye*, 566 U.S. at 144-45;

*Harris v. State*, 875 S.W.2d 662, 663, 665 (Tenn. 1994)). "Trial counsel has the duty to 'promptly communicate and explain to the defendant all plea offers made by the prosecuting attorney.'" *Id.* at 800 (quoting *Frye*, 566 U.S. at 145). Furthermore, "'a lawyer must abide by his client's decision [to accept or reject a plea] only after having provided the client with competent and fully informed advice, including an analysis of the risks that the client would face in proceeding to trial.'" *Id.* (quoting *Burt v. Titlow*, 571 U.S. 12, 25 (2013) (Sotomayor, J., concurring)). When a petitioner contends that trial counsel was deficient in the plea negotiation process, the petitioner has the burden of showing "by a reasonable probability" that, but for trial counsel's deficient performance, (1) the petitioner would have accepted the plea offer; (2) the State would not have withdrawn the plea offer; and (3) "the trial court would have accepted the terms of the offer, such that the penalty under its terms would have been less severe than the penalty actually imposed." *Id.* at 800-01 (citing *Lafler v. Cooper*, 566 U.S. 156, 163-64 (2012)).

The evidence presented at the hearing established that prior to the plea deadline, trial counsel met with the Petitioner, reviewed discovery with him, and discussed the State's plea offer and his potential sentencing exposure if convicted at trial. Although the Petitioner contends that he informed trial counsel that he wished to enter a plea, the post-conviction court found that the Petitioner's testimony was not credible. Rather, trial counsel testified that the Petitioner rejected the offer, and the post-conviction court found that the Petitioner was aware of the plea deadline and the trial court's policy to reject plea agreements after the deadline expired. Both trial counsel and the trial court informed the Petitioner of the deadline and the effect of his failure to accept the plea offer by the April 2nd deadline. The Petitioner also signed an order entered by the trial court that set forth the plea deadline and the trial court's policy.

Once the Petitioner rejected the plea offer, trial counsel's only other option was to set the case for trial. Trial counsel continued to negotiate with the State after the trial was scheduled in the hope that the parties would reach an agreement far enough away from the trial date that the trial court would accept the plea agreement. Trial counsel stated that he never promised the Petitioner that the State would make a more favorable offer or that the trial court would accept it. Despite trial counsel's efforts, the Petitioner did not decide that he wanted to accept the plea offer until he was arrested on federal charges less than three weeks before trial. Trial counsel continued to advocate for the Petitioner by approaching the trial court both shortly after the Petitioner's arrest and on the day of trial to request that the trial court accept the plea. However, the trial court declined to do so.

The evidence establishes that prior to the plea deadline, trial counsel provided the Petitioner with competent and fully informed advice with respect to the State's plea offer and that the Petitioner declined the plea offer with knowledge of the plea deadline and the trial court's policy of rejecting pleas after the deadline. It was not until the Petitioner's

arrest on federal charges shortly before trial that he had second thoughts. By that time, it was too late, and the trial court rejected the plea, which was certainly within the trial court's discretion. *See* Tenn. R. Crim. P. 11, Advisory Comm'n Cmt. (providing that a trial court may "impose reasonable pretrial time limits on the court's consideration of plea agreements, a practice will which allow maximum efficiency in the docketing of cases proceeding to trial on pleas of not guilty"); *see also Brittany Scott Pye v. State*, No. M2011-01633-CCA-R3-PC, 2012 WL 6738392, at *7 (Tenn. Crim. App. Dec. 28, 2012) (recognizing that "a trial court does not abuse its discretion by setting a deadline for entering into a negotiated plea"); *State v. Randell Murphy*, No. W2011-00744-CCA-R3-CD, 2012 WL 1656735, at *3 (Tenn. Crim. App. May 9, 2012) (concluding that the trial court did not abuse its discretion by rejecting a plea agreement on the "eve of trial" and after the plea deadline). Accordingly, we conclude that the Petitioner has failed to establish that trial counsel was deficient and that, as a result, the Petitioner is not entitled to relief.

**CONCLUSION**

We affirm the judgment of the post-conviction court denying the Petitioner's post-conviction relief petition.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

- 10 -